UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAVANNAH JODWAY,

       Plaintiff,

v.

MOTOR CITY POWER SPORTS,
LLC d/b/a MOTOR CITY POWER
SPORTS, a Michigan Limited Liability
Company, VINCENT BRANDENBURG,
an Individual, and THOMAS CELANI, an
Individual,

       Defendants.

Case No.
Hon.

---

| | |
|---|---|
| Aliana Zanke-Jodway (P47224) | Anne-Marie Vercruysse Welch |
| P.O. Box 82356 | (P70035) |
| Rochester, MI 82356 | Hannah K. Reisdorff (P80101) |
| (586) 242-8744 | CLARK HILL PLC |
| *Attorney for Plaintiff* | Attorneys for Defendant |
| | 151 S. Old Woodward, Ste 200 |
| | Birmingham, Michigan 48009 |
| | (248) 988-1810 |
| | awelch@clarkhill.com |
| | hreisdorff@clarkhill.com |
| | *Attorneys for Defendants* |

---

## NOTICE OF REMOVAL

    Defendants Motor City Power Sports, LLC d/b/a Motor City Power Sports

("MCPS"), Vincent Brandenburg, and Thomas Celani ("Defendants"), by and

through their counsel, Clark Hill PLC, hereby remove this action from the Business Court of the Oakland County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, and in support of their removal, state as follows:

1.     Plaintiff commenced this lawsuit in the Oakland County Circuit Court, State of Michigan on or about November 31, 2022.  *[Ex. 1]*.  Plaintiff's Complaint alleges claims for violation of the Michigan Sales Representative Commission Act ("SRCA"), MCL 600.2961 (Count I);  violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201, *et seq.* (Count II); violation of the Michigan Payment of Wages and Fringe Benefits Act ("PWFBA"), MCL 408.471, *et seq.* (Count II); and discrimination and retaliation based on gender in violation of the Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.* (Count III).

2.     On December 14, 2022, the Oakland County Circuit Court, State of Michigan issued an Order of Assignment of Plaintiff's Complaint to the Business Court *sua sponte*.

3.     Service of the Summons and Complaint was effectuated on Defendants by certified mail on January 26, 2023.  This removal is filed within thirty (30) days of service of process on Defendants.

ClarkHill\J8401\409110\270300562.v1-2/13/23

4.    The Summons and Complaint were served with Plaintiff's initial disclosures and constitute all process, pleadings and orders served upon Defendants.

5.    This action is removable pursuant to 28 U.S.C. § 1441(a) and (b), as it is one over which this Court has original jurisdiction under 28 U.S.C. § 1331. Count II of Plaintiff's Complaint alleges that Defendants violated the FLSA by failing to properly calculate commission washouts, taking impermissible deductions, failing to pay minimum wage shortfalls, and otherwise failing to pay Plaintiff all compensation owed. *[Ex. 1]*.  Because one of the bases for Plaintiff's Complaint arises under federal law, this action is removable.

6.    Plaintiff's claims under the SRCA, PWFBA, and ELCRA are also removable pursuant to 28 U.S.C. § 1441(c).

7.    Defendants MCPS, Vincent Brandenburg, and Thomas Celani have filed this Notice of Removal with the Oakland County Circuit Court and have given written notice to Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

8.    Based on the foregoing, Defendants MCPS, Vincent Brandenburg, and Thomas Celani are entitled to remove this action pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).

9.    The removal of this action to the United States District Court for the Eastern District of Michigan does not waive Defendants MCPS, Brandenberg, and

ClarkHill\J8401\409110\270300562.v1-2/13/23

Celani's ability to assert any defenses, whether jurisdictional, venue or otherwise, in this action.

Wherefore, Defendants Motor City Power Sports, LLC d/b/a Motor City Power Sports ("MCPS"), Vincent Brandenburg, and Thomas Celani serve notice that they have removed this action to the United States District Court for the Eastern District of Michigan in accordance with the statutes in such cases made and provided.

<div style="margin-left:40%;">

Respectfully submitted,
**CLARK HILL PLC**

*/s/ Hannah K. Reisdorff*
Anne-Marie Vercruysse Welch (P70035)
Hannah K. Reisdorff (P80101)
CLARK HILL PLC
Attorneys for Defendants
151 S. Old Woodward, Ste 200
Birmingham, Michigan 48009
(248) 988-1810
awelch@clarkhill.com
hreisdorff@clarkhill.com

</div>

Dated: February 13, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on February 13, 2023, via:

| | | | |
|---|---|---|---|
| X | U.S. Mail | _____ | Facsimile |
| X | E- Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Paula Proffitt*
Paula Proffitt

4

# EXHIBIT 1

AMB-JPC
POB 82356
ROCHESTER, MI
48308-2356



U.S. POSTAGE PAID
FCM LG ENV
ROCHESTER, MI
48308
JAN 24, 23
AMOUNT
$9.48
R2304M114168-10



48307

RDC 99

7021 2720 0003 1902 9573

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®



Vincent Brandenburg
504 W. 3rd St.
Rochester, MI
48307

# Alaina M. Zanke-Jodway, P.C.

## Attorney and Counselor at Law

P.O. Box 82356
Rochester, MI 48308-2356
Email: alainazj@aol.com
Telephone: (586) 242-8744


January 24, 2023



RE:  Summons, Complaint, Order – Business Court, Plaintiff's Initial Disclosures
Jodway v. Motor City Power Sports, Brandenburg & Celani,
Case No. 22-197497-NZ

Gentlemen:


Enclosed please find:  a Summons, Complaint, Order – Business Court, Plaintiff's Initial Disclosures and a second Summons copy with Acknowledgment of Service highlighted for your signature and return to my Office that I am requesting.

Should you have any questions, concerns or want to discuss resolving this matter please feel free to contact me.

Very truly yours,


/s/ Alaina M. Zanke-Jodway, Esq.

SUMMONS

Case No.

NZ

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
                List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Motor City Power Sports LLC dba Motor City Power Sports | 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 | |
| Vincent Brandenburg | 504 W 3rd St., Rochester, MI 48307 | |
| Thomas Celani | 2600 Turtle Lake Drive, Bloomfield Hills, MI 48302 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                        Date

My commission expires: _____ Signature: _____
                         Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                   Day, date, time

_____ on behalf of _____ .

Signature

Approved, SCAO

| | Original Court | |
|---|---|---|
| | 1st copy - Defendant | 2nd copy - Plaintiff |
| | | 3rd copy - Return |

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 2022-197497-NZ NZ |
| 6th - Oakland County **JUDICIAL CIRCUIT** | This case has been designated as an eFiling | |
| **COUNTY PROBATE** | case, for more information please visit | **JUDGE YASMINE I. POLES** |

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

| Court address | Court telephone no. |
|---|---|
| 1200 N. Telegraph Road, Pontiac, MI 48341 | 248.858.0582 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Savannah Jodway c/o: Attorney, Alaina M. Zanke-Jodway | v | Motor City Power Sports LLC dba Motor City Power Sports, a Michigan Limited Liability Company 1645 S. Telegraph Road, Bloomfield Hills, MI 48302. RA: The Corporation Company, 40600 Ann Arbor Rd. E., Suite 201, Plymouth, Michigan 48107   Vincent Brandenburg, an Individual 504 W 3rd St., Rochester, MI 48307 Thomas Celani, an Individual 2600 Turtle Lake Drive, Bloomfield Hills, MI 48302          Jointly and Severally |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Alaina M. Zanke-Jodway, PC, P47224 POB 82356 Rochester, MI 48308-2356 586.242.8744; alainazj@aol.com alainazj@aol.com |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 11/30/2022 | 03/01/2023 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Original – Court

| STATE OF MICHIGAN<br>6ᵀᴴ JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | ORDER OF ASSIGNMENT TO THE<br>BUSINESS COURT | CASE NO. 2022-197497-NZ |
|---|---|---|

**Court address**
1200 N Telegraph Rd      Pontiac, MI  48341

**Court telephone no.**
248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s)<br><br>Jodway | | Defendant's name(s), address(es), and telephone number(s)<br><br>Motor City Power Sports, LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Aliana Zanke-Jodway P47224<br>P.O. Box 82356<br>Rochester, MI 48308<br>586-242-8744/ alainazj@aol.com | **v** | Defendant's attorney, bar no., address, telephone no., and email address |

**THE COURT FINDS that:**

Assignment of the above captioned matter to the Business Court is proper.  The case qualifies for the Business Court pursuant to MCL 600.8031 *et seq.*

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:

☐ All of the parties are business enterprises;

☑ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;

☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:

☐ The sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise;

☐ Information technology, software, or website development, maintenance or hosting;

☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;

☑ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to alternative dispute resolution processes prescribed in the agreements;

☐ Commercial transactions, including commercial bank transactions;

☐ Business or commercial insurance policies; and/or

☐ Commercial real property.

☑ Other:  "An action must be assigned to a business court if all or part of the action includes a business or commercial dispute. An action that involves a business or commercial dispute that is filed in a court with a business docket must be maintained in a business court although it involves claims that are not business or commercial disputes, including excluded claims under section 8031(3)." MCL 600.8035(3).

12/14/2022
Date

/s/  YASMINE I. POLES
Judge

mz

OCBC 02 (10/17) **ORDER OF ASSIGNMENT TO THE BUSINESS COURT**

# STATE OF MICHIGAN

## IN THE 6TH CIRCUIT COURT – COUNTY OF OAKLAND

**SAVANNAH JODWAY**
          **Plaintiff**

**v.**

**MOTOR CITY POWER SPORTS LLC dba**
**MOTOR CITY POWER SPORTS, a Michigan Limited**
**Liability Company**
**VINCENT BRANDENBURG, an Individual and**
**THOMAS CELANI, an Individual,**
          **Defendants, Jointly and Severally**

**Case No. 2022-197497 NZ**
**Hon. Yasmine I. Poles**
**Jury Trial Demanded**

---

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Savannah Jodway ("Savannah") through her Attorney, Alaina M. Zanke-Jodway discloses:

MCR 2.302(A) Required Initial Disclosures.

(1)(a) the factual basis of the party's claims and defenses;

   i.   Defendants failed to pay Savannah for attending mandatory meetings, holiday pay, overtime time, minimum wage and commissions and subjected her to, and retaliated against her for opposing, sex discrimination in Defendants' communication, work conditions, selective policy enforcement, constructive and wrongful retaliatory discharge, failure to train and promote and failure to pay commissions due amongst other things.

(1)(b) the legal theories on which the party's claims and defenses are based, including, if necessary for a reasonable understanding of the claim or defense, citations to relevant legal authorities;

   i.   Defendants violated the Sales Representative Act, MCL 600.2960, et. seq. in failing to pay full commissions due, actual damages per MCL 600.2961(5)(a) and twice the amount of commissions due but not paid per MCL 600.2961(5)(b) and reasonable attorney fees and court costs per MCL 600.2961(6).

1

   ii.  Defendants violated the Fair Labor Standards Act, 20 USC 201, et. seq., and Equal Pay Act provisions therein and the Michigan Wage and Fringe Benefits Act, MCL 408.471, et. seq.

  iii.  Defendants treated Savannah disparately in discriminating against her on the basis of gender/sex and retaliated against her when she opposed the disparate treatment in violation of federal and state civil rights laws, Elliot Larsen Civil Rights Act, ("ELCRA"), work conditions, selective policy enforcement, constructive and wrongful retaliatory discharge, failure to train and promote, failure to pay commissions, overtime, holiday pay, minimum wage, amongst other things.

(1)(c) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    i.  Keeper of the Records, Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.

   ii.  Vincent Brandenburg, Manager at Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has commission programs/payouts, sales agreements, email, text message exchanges, employment policies, management meeting records, schedules, payroll and personnel records.  Home Address: 504 W 3rd St., Rochester, MI 48307

  iii.  Thomas Celani, President Chief Executive Officer, Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 or 42875 Grand River, Suite 201, Novi, MI 48375 has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.  2600 Turtle Lake Drive, Bloomfield Hills, MI 48302

  iv.  Todd Yaekle, Chief Financial Officer; 42875 Grand River, Suite 201, Novi, MI 48375, has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.

   v.  Chris Assemany, Business Manager at Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has credit application(s), finance agreements and disclosures, sales documents, commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.

  vi.  Mark E. Vidosh, Sales Manager at Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302, 248.858.2300 has commission programs/payouts, sales agreements, email, text message exchanges, employment policies, management meeting records, schedules, payroll and personnel records.

vii. Joyce Cusimano, title unknown, at Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has commission programs/payouts, sales agreements, email, employment policies, accounting, budget, schedules, payroll and personnel records.

viii.         Paychecks, c/o:  Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302

(1)(d) a copy—or a description by category and location—of all documents, ESI, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Email, text messages, commission washouts, personnel file, paychecks

(1)(e) a description by category and location of all documents, ESI, and tangible things that are not in the disclosing party's possession, custody, or control that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. The description must include the name and, if known, the address and telephone number of the person who has possession, custody, or control of the material;

i. Keeper of the Records, Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, time clock, payroll and personnel records.

ii. Vincent Brandenburg, Manager at Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 has commission programs/payouts, sales agreements, email, text message exchanges, employment policies, management meeting records, schedules, payroll and personnel records.  Home Address: 504 W 3rd St., Rochester, MI 48307

iii. Thomas Celani, President Chief Executive Officer, Motor City Power Sports, 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 or 42875 Grand River, Suite 201, Novi, MI 48375 has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.  2600 Turtle Lake Drive, Bloomfield Hills, MI 48302

iv. Todd Yaekle, Chief Financial Officer; 42875 Grand River, Suite 201, Novi, MI 48375, has commission programs/payouts, sales agreements, email, employment policies, management meeting records, accounting, budget, schedules, payroll and personnel records.

v. ESI – all of Savannah's sales agreements for units sold, units that were scheduled to be sold / closed by Savannah, all finance agreements evidencing

Approved, SCAO

| | | Original - Court | 2nd copy - Plaintiff |
| | | 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
| **6th - Oakland County** JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. | 2022-197497-NZ   NZ JUDGE YASMINE I. POLES |

Court address
1200 N. Telegraph Road, Pontiac, MI 48341

Court telephone no.
248.858.0582

Plaintiff's name(s), address(es), and telephone no(s).
Savannah Jodway c/o: Attorney, Alaina M. Zanke-Jodway

v

Defendant's name(s), address(es), and telephone no(s).
Motor City Power Sports LLC dba Motor City Power Sports, a Michigan Limited Liability Company 1645 S. Telegraph Road, Bloomfield Hills, MI 48302. RA: The Corporation Company, 40600 Ann Arbor Rd. E., Suite 201, Plymouth, Michigan 48107  Vincent Brandenburg, an Individual 504 W 3rd St., Rochester, MI 48307  Thomas Celani, an Individual 2600 Turtle Lake Drive, Bloomfield Hills, MI 48302      Jointly and Severally

Plaintiff's attorney, bar no., address, and telephone no.
Alaina M. Zanke-Jodway, PC, P47224 POB 82356 Rochester, MI 48308-2356 586.242.8744; alainazj@aol.com alainazj@aol.com

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- [ ] There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- [ ] There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
- [ ] It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- [ ] This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- [ ] MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- [x] There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- [ ] A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in [ ] this court, [ ] _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action [ ] remains [ ] is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/30/2022 | Expiration date* 03/01/2023 | Court clerk Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

SUMMONS

Case No. _____

NZ

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Motor City Power Sports LLC dba Motor City Power Sports | 1645 S. Telegraph Road, Bloomfield Hills, MI 48302 | |
| Vincent Brandenburg | 504 W 3rd St., Rochester, MI 48307 | |
| Thomas Celani | 2600 Turtle Lake Drive, Bloomfield Hills, MI 48302 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                                                      Day, date, time

_____ on behalf of _____
Signature

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

# STATE OF MICHIGAN

# IN THE 6ᵀᴴ CIRCUIT COURT – COUNTY OF OAKLAND

**SAVANNAH JODWAY**
      **Plaintiff**

**v.**

**MOTOR CITY POWER SPORTS LLC dba**
**MOTOR CITY POWER SPORTS, a Michigan Limited**
**Liability Company**
**VINCENT BRANDENBURG, an Individual and**
**THOMAS CELANI, an Individual,**
      **Defendants, Jointly and Severally**

**Case No.**       **NZ**
**Jury Trial Demanded**
2022-197497-NZ

JUDGE YASMINE I.
POLES

---

## PLAINTIFF'S COMPLAINT and JURY DEMAND

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE IS ELECTING THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE, NOR DO I KNOW OF ANY OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT THAT IS EITHER PENDING OR PREVIOUSLY FILED AND DISMISSED, TRANSFERRED HER OTHERWISE DISPOSE OF AFTER HAVING BEEN ASSIGNED TO A JUDGE IN THIS COURT.    /s/ *Alaina M. Zanke-Jodway* (P47224)

Plaintiff, Savannah Jodway ("Savannah") through her Attorney, Alaina M. Zanke-Jodway

sues Defendants for Failure to Pay Sales Representative's Commissions ("SRA"), violations of

the Fair Labor Standards Act ("FLSA") and Sex / Gender Discrimination under MI-Elliott

Larsen Civil Rights Act ("ELCRA") and states:

## **THE PARTIES**

1. Savannah is a Caucasian Female who resides in Shelby Township, Macomb County, Michigan and is a citizen of the United States.

2. Defendant-MCPS, Motor City Power Sports LLC is a Michigan limited liability company doing business as Motor City Power Sports located at: 1645 S. Telegraph Road, Bloomfield Hills, MI 48302.  Its registered Office is:  The Corporation Company, 40600 Ann Arbor Rd. E., Suite 201, Plymouth, Michigan 48170.

3. Defendant-MCPS employed Savannah from March 16, 2021 through June 2, 2022 as the only Female Sales Associate at its Bloomfield Hills retail showroom.

4. Savannah sold units consisting of motorized vehicles, watercraft and bikes such as personal watercraft (jet-skis), the Sea Doo Switch (modular pontoon like), motorcycles Slingshots (2 front, 1 back wheel – 2-seater), Rykers (2 front, 1 back wheel, 1/2-seater bike) and Vespas (scooters), dirt-bikes and other off-road / all-terrain vehicles (ATV), made by Yamaha, Kawasaki, Honda, Polaris and Can-am amongst others.

5. Savannah was paid a sales commission after customers took delivery of their unit.

6. Unit delivery was often delayed for months after Savannah made a sale due to shipment (international) and transport backlogs at ports, distribution hubs and other supply chain backlogs.

7. Defendant-Vince aka Vincent Brandenburg ("Defendant Brandenburg") is an individual who upon information and belief resides at 504 W 3rd St., Rochester, MI 48307 and is the General Manager of Defendant-MCPS.

8. Defendant-Thomas Celani ("Defendant-Celani") is an individual who upon information and belief resides at 2600 Turtle Lake Drive, Bloomfield Hills, MI 48302 and is the President and Chief Executive Officer of Defendant-MCPS (Defendant-MCPS' Employee Handbook, p 3).

9.  Defendants-Celani and Brandenburg maintained constructive and actual control, oversight and direction over Defendant–MCPS's Store operations, that includes but is not limited to establishing budgets, legal and financial compliance policies, along with employment, commission and wage / pay policies; hiring and firing staff, work assignments / projects, compensation, training and other employment practices.

10. Defendants-Celani and Brandenburg had the authority in hiring, firing, training and the position / job title and duties of the employees at Defendant-MCPS.

11. Savannah and Defendants' employees clocked in and out each day worked at the store.

12. Savannah reported directly to Defendant-Brandenburg and Sales Manager, Mark Vidosh.

13. Defendant-MCPS held Management Meetings that occurred bi-weekly or at least monthly consisting of Defendant-MCPS' male Officers and Managers:  Defendant-Thomas Celani, President and Chief Executive Officer; Todd Yaekle, Chief Financial Officer; Defendant-Vince Brandenburg, General Manager; Sales Manager, Mark Vidosh, Business Manager, Chris Assemany and the Parts and Service Manager.

## VENUE and JURISDICTION

14. Savannah restates the preceding allegations as though fully re-stated herein.

15. This lawsuit arises out of events occurring within Bloomfield Hills, County of Oakland, State of Michigan and venue is proper under ELCRA MCL 37.2801(2) and FLSA 29 USC 216(b).

16. The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees and jurisdiction is otherwise proper within the jurisdiction of Oakland County Circuit Court.

## FACTUAL BACKGROUND

13. Savannah restates the preceding allegations as though fully re-stated herein. This Section has some underlined topic headings to delineate the facts supporting the claims herein and are meant to be descriptive, not formal allegations requiring a response.

14. <u>ELCRA & FLSA - Unpaid Mandatory Meetings</u>. Defendants scheduled mandatory store and sales team meetings on Savannah's day off (Fridays). Fridays were a scheduled work day for her male Sales Associate co-workers. Fridays had a high customer count day with increased foot traffic at the store.

   a. Defendants failed to pay Savannah for attending the mandatory meetings as required by the FLSA and 29 CFR 785.28.

   b. Savannah customarily worked over 80 hours per bi-weekly pay period and should have been paid 1.5 times, minimum wage, $14.475 for coming in on her day off.

   c. Upon information and belief, these are the mandatory meeting dates, which include but are not limited to:

      i.   April 2, 2021
      ii.  April 9, 2021
      iii. April 16, 2021
      iv.  April 23, 2021
      v.   April 30, 2021
      vi.  May 7, 2021
      vii. May 14, 2021

15. <u>ELCRA & FLSA - Work on Your Day Off or Lose Your Commission</u>. Defendants required Savannah to come in on her days-off for customer deliveries or risk losing her commission on the sale, those dates include but are not limited to:

   a. April 9, 2021
   b. April 30, 2021
   c. May 21, 2021

16. <u>FLSA - Another Unpaid Day Off Spent Benefitting her Employer.</u>  Defendants failed to pay Savannah for attending an in-water demonstration on Lake St. Clair , Harrison Twp., MI on her day off, July 20, 2021, for the new Sea Doo Switch which is on a pontoon platform, built with cube components and maneuvers like a personal watercraft (jet-ski).

    a.  At Defendant-MCPS' Sea Doo Switch demo day, Friday, October 22, 2021, Savannah was the go-to person for answering customer questions along with Defendant-MCPS' CFO, Todd Yaekle's questions.

16. <u>ELCRA - No Holiday Pay</u>. Per Defendant-MCPS' Employee Handbook (p 9): "Regular full-time employees are eligible for paid holidays ($80/Holiday) after completing their Introductory Period."

17. <u>ELCRA & WFBA - No Holiday Pay</u>. Savannah worked full-time plus successfully completed her Introductory Period on June 30, 2021, but Defendants failed to pay her for the following Holidays:

    a.  9/6/2021 – Labor Day
    b.  11/25/21 – Thanksgiving Day
    c.  12/25/21 – Christmas Day
    d.  1/1/22 – New Year's Day
    e.  4/17/22 – Easter Holiday
    f.  5/31/22 – Memorial Day

18. <u>ELCRA – Defendant-Brandenburg's Gender Based Demeaning Communication</u>. On May 6, 2021, at approximately 10:00 AM, Savannah met with a male customer asking if he wanted to drive his UTV-Kawasaki Mule SX onto his trailer or she could drive it.  The customer said she could.

    a.  Defendant-Brandenburg piped in stating: "you want **her** to do it" calling into question her ability to drive the Mule onto the trailer.

    b.  Savannah was demeaned, humiliated and belittled for being female, amongst other things, by Defendant-Brandenburg's gender-based statement.

   c. Savannah often drove Defendant-MCPS' units moving them outside to the front of the store for display and at close into the storage area or the yard.

19. ELCRA – Defendant-MCPS' Website. On May 6, 2021, Defendant-MCPS' Website featured photos of, or videos made by, Savannah's five (5) male Sales Associate co-workers.

20. Savannah was not included as a Sale Associate on Defendant-MCPS' website. Savannah was only in web-site group photos consisting of all employees.

21. ELCRA – Service Department's Intimidating Conduct Demeaning Communication. Savannah depended on Defendants' Service Department to inspect and prep each unit for scheduled customer delivery. Some of Savannah's customers had to make repeat visits because Service did not complete the prep.

   a. During the afternoon of May 6, 2021, Savannah checked the yard to see if Service brought in a unit for delivery prep as her customer was scheduled to pick it up.

   b. Service Technician–K, whose physicality and stature far exceeded Savannah's, confronted, intimidated and chastised her while alone in the yard stating "you walking out here is not going to get this done any faster."

   c. Savanah was shaken and defeated, retreating to the ladies room for a time.

   d. When Savannah checked with Service Technician–S, on a different unit, he responded by demeaning her: "yes, honey / sweetheart, it will be ready" (May 2021). Service Technician–S addressed male Sales Associates by their proper name or surname.

22. ELCRA – Opposition to Gender Based Communication & Intimidating Conduct. Savannah reported Defendant-Brandenburg and the Service Techs to her direct Supervisor, Sales Manager, Mark Vidosh opposing the gender-based comments, intimidation and prep delays.

   a. Sales Manager, Mark Vidosh apologized for Defendant-Brandenburg's comment and spoke with the Service Department Technicians about the delays.

   b. Defendant-Brandenburg was defiant.

   c. A week later Defendant-Brandenburg apologized to Savannah presumably only after thinking about her May 6th question to him as to how he would feel if someone did that to his daughters who were about Savannah's same age.

23. <u>ELCRA - Non-Sales Work Projects / Disparate Treatment.</u> While her male Sales Associate co-workers worked sales leads, Defendant-Brandenburg and the Sales Manager assigned and / or expected Savannah to do non-sales work projects preventing her from working sales leads. Those work projects include, but are not limited to:

    a. putting up and taking down the store Christmas decorations, including the two trees, by herself (December 2021 and January 2022),

    b. re-arranging the bike layout in the showroom resulting in back pain and chiropractor visits from moving some very heavy bikes,

    c. dusting and polishing the bikes and other store products and

    d. the planning of a women's ride event, (Spyders, Smoothies & Sisters) during pre-high season with another Female employee, paid hourly, from the Parts Department (March – May 2022), because they were the only women.

24. <u>ELCRA – Additional Finance and Insurance (F&I) Commissions and Training Opportunities are only for Men - Disparate Treatment (¶¶s 24-36).</u> Savannah took customer credit applications for financed units.

25. The applications were processed by the Male Business Manager, Chris Assemany ("BM-Chris") who worked Monday through Saturday (except for Wednesday) and by the lead Male Sales Associate-W on Wednesday and Sunday, who, upon information and belief, received Finance and Insurance ("F&I") training from Defendant-MCPS.

26. Defendant-MCPS paid F&I commissions to BM-Chris and Associate-W.

27. Before coming to Defendant-MCPS Savannah was licensed and worked in insurance sales having a qualifying skill set for the F&I training and designation which would have been a promotion.

28. In approximately October / November 2021, Savannah advised her Sales Manager, Mark Vidosh she was interested in being trained in F&I to earn additional commissions and to give

Defendant-MCPS' customers a quick answer on financing options, as she encountered delayed responses from BM-Chris and Associate-W in the past.

29. Upon returning from bereavement leave, from the sudden passing of Savannah's beloved maternal uncle, she met with BM-Chris for one-half (1/2) hour on or about January 24, 2022 with her loss still being very fresh.

30. Savannah did not receive any other F&I training after January 24, 2022.

31. Savannah asked her Sales Manager, Mark Vidosh about additional training and was put off for about two (2) months.

32. Savannah asked BM-Chris about additional training who said something to the effect of: "Don't be upset, but you're not ready and you'll make enough in sales."

33. On or about March 15, 2022, Sales Manager, Mark Vidosh told Savannah that Defendant-MCPS re-hired male Sales Associate-A and would be training him in F&I, not her, and that the decision was made during a management meeting wherein BM-Chris and Defendant-Brandenburg attended and upon information and belief, Defendant-Celani also attended.

34. Sales Manager, Mark Vidosh told Savannah his hands were tied and that he would try to get her more F&I training in the future.

35. Savannah was humiliated and distressed from being denied the F&I training and additional commission earning opportunity that was given to a former, but now re-hired male Sales-Associate-A.

36. On March 16, 2022, male Sales Associate-A reported for work and F&I training at Defendant-MCPS and was featured on its Facebook page.

37. Thereafter, BM-Chris delayed processing and one occasion did not process Savannah's customer's credit application, contrary to the Equal Credit Opportunity Act ("ECOA") and

Regulation B which requires an applicant to be notified of a determination on a credit application, approval or denial, or that the application was withdrawn.  12 CFR 1002.9.

38. <u>ELCRA - COVID & Defendant-Brandenburg's Demand for Uncompensated Work.</u> Savannah tested positive for COVID-19 after coming home from work, the evening of May 3, 2022 and was off work in compliance with COVID – CDC protocols.

39. Despite COVID, Defendant-Brandenburg told Savannah to continue the planning for the May 7, 2022 - Women's Ride Event from home while sick and without pay.

40. Savannah could not as vendor and event information was on MCPS' computer system and she did not have remote access, nor a company computer.

41. Savannah provided Defendant-Brandenburg with as much event information as she could.

42. Defendant-Brandenburg harbored animosity toward Savannah upon her post-COVID return to work as, upon information and belief, he had to work directly with the Female Parts Associate to complete the planning for May 7, 2022 Women's Ride event.

43. <u>ELCRA – Constructive Discharge / Notice.</u> On May 26, 2022 Savannah gave notice she was leaving.

44. Despite being at the beginning of the high sales season (Spring/Summer 2022), Savannah could not continue to work in Defendants discriminatory hostile work environment and was in effect was constructively discharged based on the repeated acts of being discriminated against because she was Female.

45. <u>ELCRA - Unpaid Memorial Day Holiday / Retaliation.</u> Savannah worked the Saturday (May 28, 2022) and Tuesday (May 31, 2022), before and after, Memorial Day (May 30, 2022) entitling her to Holiday pay which Defendants failed to pay.

46. Defendant-MCPS was closed on Sundays.

47. In May 2022, Savannah's days off were Sundays and Wednesdays.

48. <u>Days Off.</u> On Wednesday, June 1, 2022 Savannah received a text from Sales Manager, Mark Vidosh alleging she was scheduled to work that day and to come in on her day off. Savannah was unable to do so.

49. ELCRA – <u>Wrongful Termination / Retaliation / Disparate Treatment.</u> Savannah received another text to bring in her work shirts on Thursday, June 2, 2022 and was wrongfully terminated on that day under Defendants selective enforcement and auspices of no call, no show.

50. ELCRA – <u>Disparate Treatment.</u> A male sales associate who repeatedly was a no call no show was not terminated by Defendant-MCPS' management.

51. Defendants retaliated against Savannah by terminating her, because she was a female and opposed sex discrimination and Defendants continued pattern and practice of requiring her to work on her days off, which was not required by her male Sales Associate co-workers.

52. ELCRA – <u>Wrongful Termination / Lost Earned Commissions to Male Sales Associates / Disparate Treatment.</u> Savannah had two (2) Sea-Doo Switches and a Z125 sale closings that were put on the board for customer delivery on the day, June 2, 2022, that she was wrongfully terminated or shortly thereafter losing approximately $3,300.00 in commissions to her male Sales Associate co-workers.

53. Savannah took deposits and made those sales well before she gave notice and was awaiting unit delivery from the manufacturer/distributor.

54. Savannah earned the commissions on those sales.

55. Defendants retaliated against Savannah in terminating her so that her male Sales Associate co-workers would receive the sales commissions on the sales that she made.

56. <u>ELCRA - Unpaid Commission / Wrongful Termination and No Holiday Pay Retaliation</u>.
Savannah received her last paycheck which was short on a Sea-Doo Switch commission, and
she was not paid for the Memorial Day Holiday, 5/30/22.

57. <u>ELCRA - Unpaid Commission</u>. Savannah questioned the shortage. Defendants-Sales
Manager, Mark E. Vidosh responded via email (June 16, 2022): "Please note; Tom
[Defendant-Celani] decided to pay half the commissions on all switch deals at the time of
sale and the balance on November 1st, if you are still employed, and the store hits budget."
(Exhibit A).

58. <u>ELCRA - Unpaid Commissions / Wrongful Termination and Policy Violation</u>. Per
Defendant-MCPS' Employee Handbook (p. 11) some Managers are paid on department
performance … and Vehicle Sales Associates are not.

59. Savannah was never apprised of Defendant-Celani's illegal change in the Sea Doo Switch
commission payouts and demanded payment but has not been paid.

60. <u>Personnel File</u>. Savannah requested her Personnel File and all Commission Washouts on
June 20, 2022 pursuant to the Bullard-Plawecki Employee Right to Know Act, MCL
423.501, et. seq.

61. <u>Right to Personnel File and Attempted Dissuasion.</u> Defendant-Brandenburg and Defendant-
MCPS' CFO, Todd Yaekle, both delayed and attempted to dissuade Savannah on her request
until the undersigned intervened making a formal demand on June 30, 2022.

62. <u>Personnel File</u> Defendant-MCPS provided Savannah's Personnel File and redacted (customer
name) Commission Washouts on July 27, 2022.

63. There is no termination documentation in Savannah's Personnel File.

64. <u>ELCRA – Illegality No Commission or Holiday Pay upon Wrongful Termination -</u>

<u>Retaliation</u>.  Defendants are aware that Michigan Wage and Fringe Benefit laws MCL

408.475 and 408.474, requires payment of all wages (including commissions and fringe

benefits (including holiday pay) to an employee leaving, voluntarily or involuntarily.

65. Defendants illegally refused to pay Savannah .

66. MCL 408.475(1) and (2) reads in relevant part:  (1) An employer shall pay to an employee

voluntarily leaving employment all wages earned and due as soon as the amount can with

due diligence be determined. … (2) An employer shall immediately pay to an employee who

has been discharged from employment all wages earned and due as soon as the amount can

with due diligence be determined.

67. MCL 408.474 reads: An employer shall not withhold a payment of compensation due an

employee as a fringe benefit to be paid at a termination date unless the withholding is agreed

upon by written contract or a signed statement obtained with the full and free consent of the

employee without intimidation or fear of discharge for refusing to agree to the withholding of

the benefit.

## COUNT I - FAILURE TO PAY COMMISSIONS – VIOLATIONS OF THE SALES REPRESENTATIVE ACT ("SRA"), MCL 600.296

63. Savannah restates the preceding allegations as though fully re-stated herein.

64. During her employment with the Defendant-MCPS, Savannah was a Sales Representative as

defined by MCL 600.2961(1)(e).

65. Defendants import, sell and distribute products in the state of Michigan and meet the

definition of Principal as defined in MCL 600.2961(1)(d).

66. As a matter of law, MCL 600.2961, requires a Principal to pay all commissions due to a Sales Representative within 45 days of the termination date of the contract between the Principal and Sale Representative.

67. The termination date between Savannah and Defendants was June 2, 2022.

68.  Despite demand Defendant-MCPS have failed to pay Savannah her full commission due on the Sea Doo Switch.

69. Savannah also alleges she is entitled to commissions for the Z125 - $300.00 and two (2) Sea Doo Switches at $1,500.00 each.

70. Defendants intentionally failed to pay Savannah her due commissions in violation of MCL 600.2961 as evidenced by Sales Manager, Mark Vidosh's Email (Exhibit A).

71. Per Defendant-MCPS' Sales Manager, Mark Vidosh's Email Defendant-Celani has implemented a policy to illegally withhold Sea Doo Switch Commissions payable to a Sales Associate and conditioned payment on continued employment and management performance in meeting budget.

72. As a result of Defendants-MCPS and Defendant-Celani's violations, Savannah is entitled to actual damages per MCL 600.2961(5)(a) and twice the amount of commissions due but not paid per MCL 600.2961(5)(b) and reasonable attorney fees and court costs per MCL 600.2961(6).

73. Defendant-MCPS' Employee Handbook purports to waives any employee's right to monetary or other damages if a claim is filed outside a 180-day claims period.

74. MCL 600.2961(8) reads:  "A provision in a contract between a principal and a sales representative purporting to waive any right under this section is void."

75. Per MCL 600.2961(8) Defendant-MCPS' 180-day claims period is void as it purports to be a waiver of damages and rights under statute.

76. MCL 600.2961(9) reads: "This section does not affect the rights of a principal or sales representative that are otherwise provided by law."

77. Per MCL 600.2961(9) the legal rights and remedies under the commission statute are cumulative.

**WHEREFORE**, Plaintiff, Savannah Jodway, respectfully requests that this Honorable Court declare that and enter Judgment against Defendants, Motor City Power Sports, Vincent Brandenburg and Thomas Celani, jointly and severally, for intentionally violating the Sales Representative Act and award her actual damages, double damages, interest, attorney fees and costs so wrongfully incurred and grant such other relief as the Court deems fair, just and equitable under the circumstances.

## COUNT II - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 USC 201, et. seq. and MICHIGAN WAGE AND FRINGE BENEFITS ACT ("WFBA"), MCLA 408.471, et. seq.

78. Savannah restates the preceding allegations as though fully re-stated herein.

79. Defendants are an employer engaged in commerce servicing and selling motorized vehicles, bikes and watercraft that originate across state and international borders having an annual gross sales volume exceeding $500,00.00 as defined in 29 USC 203(d) and 206(b).

80. Defendants-Brandenburg and Celani are persons who acted directly or indirectly in the interest of an employer in relation to an employee and thus are jointly and severally liable with Defendant-MCPS for FLSA violations. 29 USC 203(d)

81. Savannah is a person and was an employee, employed by Defendant-MCPS and entitled to federal and state, FLSA and Michigan minimum wage and benefit and anti-discrimination protections per 29 USC 203(e)(1), 203(m)(1), 206(d)(1) and (3) and 207.

82. At all times material to this action, Defendants were an "employer" of two or more employees.

83. Defendants were aware that the FLSA requires a covered employer paying an employee by commission to pay any shortfalls if commissions are not equal to or greater than the amount of hours payable at the regular hourly minimum wage rate and time and a half (1.5) overtime pay rate. 29 USC 207(a)(1).

84. Upon information and belief, Defendants, as a covered employer may have elected an FLSA Section 7(i) exemption as its commissioned sales associates often worked over forty (40) hours a week and at a minimum an associate would be entitled to be paid at one and a half (1.5) times minimum wage for all hours worked with the covered employer paying any shortfalls.

85. Commissions are included in the wage rate and subject to FLSA requirements. 29 CFR 16200.12(a).

86. Defendants' policy and practices resulted in intentionally evading, circumventing and violating both the FLSA and WFBA.

87. Defendants used the wrong minimum wage rate to multiply her hours on Savannah's Commission Washouts:

   a. In 2021, Defendants used the hourly minimum wage rate of $ 9.45.

   b. On January 1, 2021, Michigan's hourly minimum wage was $9.65 per MCL 408.34(1)(g).

   c. In 2022, Defendants used the hourly minimum wage rate of $ 9.65.

d. On January 1, 2022, Michigan's hourly minimum wage was $9.87 per MCL 408.34(1)().

88. Defendants failed to calculate minimum wage overtime rates for hours that Savannah worked over forty (40) hours and multiplied total hours worked by the wrong minimum wage.

a. In 2021, Michigan's hourly minimum wage overtime rate was $14.475 ($9.65 x 1.5).

b. In 2022, Michigan's hourly minimum wage overtime rate was $14.81 ($9.87 x 1.5).

89. Upon information and belief Defendants made the FLSA Section 7(i) exemption election, assuming they did Defendants minimum wage calculation should have been hours worked multiplied by the applicable overtime rate stated above.

90. Defendants violated both the FLSA and WFBA in failing to pay Savannah the applicable minimum wage, commissions and fringe benefits as follows:

a. In Savannah's first paycheck (pay period, 3/15-28/2021) Defendants overpaid her a co-worker's $591.24 commission that was later deducted in a later paycheck (pay period 5/24-6/6/2021) meeting minimum wage requirements.

b. Defendant failed to pay Savannah the estimated minimum wage shortfall of $216..77 or elective exemption wages of $602.77 in first paycheck;

c. Assuming Defendants elected the section 7(i) exemption, Savannah was also shorted $37.88 in her 11/21/21 paycheck.

d. Defendants failed to pay Savannah for attending mandatory meetings and the Switch demo as stated above.

e. Defendants intentionally refused to pay Savannah her full Sea Doo Switch commission and commissions for the lined-up deliveries for the Z125 and 2 more Sea Doo Switch within 45 days of leaving her employment with Defendants.

f. Defendants repeatedly failed to pay Savannah her employee benefit of Holiday pay.

91. Defendants violated MCL 408.477(4) when they corrected Savannah's first paycheck which resulted in her being paid below minimum wage for that pay period and failed to pay Savannah that shortfall.

92. Upon information and belief, Defendants intentionally waited to correct the commission mistake until a later pay period wherein Savannah had adequate commissions to meet minimum wage requirements to circumvent the FLSA and the WFBA.

93. Upon information and belief, Defendants have violated the FSLA and WFBA in Savannah's other paychecks, but she will need Defendants' commission payout programs for the various units sold to analyze.

94. Defendants have intentionally and willfully discriminated and retaliated against Savannah, based on her Sex / Gender as she was a Female Sales Associate that was denied and not paid required wages for mandatory meeting attendance, etc., commissions and fringe benefits that her Male Sale Associate co-workers and other Male employees received.

95. Savannah opposed Defendants' discriminatory acts, conduct, disparate treatment amongst other things in reporting the same to Sales Manager, Mark Vidosh as stated above and as evidenced by his email response (Exhibit A) regarding Defendant-Celani's alleged change and conditions put on the Switch commission payable to Savannah in full in her last paycheck.

96. As a result of Defendants sex discrimination and violation of FLSA's anti-retaliation provisions Savannah is entitled mental distress damages. 29 USC 216(b).

97. As a result of Defendants FLSA violations Savannah is entitled to actual damages for all unpaid minimum and overtime compensation and commissions, and an equal additional amount as liquidated damages, interest, reasonable attorney fees, the costs of any action brought and damages for mental distress. 29 USC 216(b).

**WHEREFORE,** Plaintiff, Savannah Jodway, respectfully requests that this Honorable Court declare that and enter Judgment against Defendants, Motor City Power Sports, Vincent

Brandenburg and Thomas Celani, jointly and severally, for intentionally violating the Fair

Labor Standards Act and award her damages for all unpaid minimum and overtime

compensation and commissions, and an equal additional amount as liquidated damages,

interest reasonable attorney fees, the costs of any action brought and damages for mental

distress and grant injunctive relief by way of this Court entering an Order compelling

Defendants to produce the following documents and / or data forthwith:  1). Savannah's

clock in and out, time records, in Defendant's Dealer Management System and/or other

record keeping system and 2). all of Defendants' Commission Payout Programs and policies

and grant such other relief as the Court deems fair, just and equitable under the

circumstances.

## COUNT III  - SEX / GENDER DISCRIMINATION IN VIOLATION OF ELCRA – ELLIOT LARSON CIVIL RIGHTS ACT, BASED ON DISPARATE TREATMENT IN WORK CONDITIONS, COMMUNICATIONS, COMPENSATION AND LACK OF IT, DENIED F&I TRAINING / PROMOTION AND CONSTRUCTIVE and RETALIATORY DISCHARGE

98. Savannah restates the preceding allegations as though fully re-stated herein.

99. Defendant-MCPS is an "employer" within the meaning of the Elliot Larsen Civil Rights Act,

("ELCRA") per MCL 37.2201(a).

100.   Defendant Brandenburg is an "employer" within the meaning of the ELCRA per MCL

37.2201(a).

101.   Defendant Celani is an "employer" within the meaning of ELCRA per MCL 37.2201(a).

102.   MCL 37.2201(a) reads: "'Employer' means a person who has 1 or more employees and

includes an agent of that person."

103.   At all times material and relevant, Savannah was an employee and Defendant – MCPS
       was her employer, covered by and within the meaning of the Elliot Larsen Civil Rights
       Act ("ELCRA"), MCL 37.2101, et. seq.

104.   Savannah is Female and thus a member of a protected class under ELCRA.

105.   At all times material and relevant, Defendant–MCPS and its President and CEO,
       Defendant – Celani and Manager Defendant-Brandenburg made commission and
       employment policies and payment decisions, staffing decisions, hiring and firing
       decisions and we're acting in a supervisory capacity over Savannah and are covered
       under this act.

106.   Under ELCRA: "(1) An employer shall not do any of the following: (a) fail or refuse to
       hire or recruit, discharge or otherwise discriminate against an individual with respect to
       employment, compensation or a term, condition or privilege of employment because of
       …sex." MCL 37.2202(1)(a).

107.   Under ELCRA: "(1) An employer shall not do any of the following: (b) [l]imit,
       segregate, or classify an employee or applicant for employment in a way that deprives or
       tends to deprive the employee or applicant of an employment opportunity, or otherwise
       adversely affects the status of an employee or applicant because of …sex." MCL
       37.2202(1)(b).

108.   Under ELCRA: "(1) An employer shall not do any of the following: (c) Segregate,
       classify, or otherwise discriminate against a person on the basis of sex with respect to a
       term, condition, or privilege of employment, including, but not limited to, a benefit plan
       or system. MCL 37.2202(1)(c).

109. Defendants violated all of the above ELCRA's anti-sex-discrimination prohibitions during Savannah's employment based on her protected status as a female, said violations include but are not limited to:

   a. Defendant-Brandenburg female driving comment in a male customer's presence;

   b. Service Technicians calling her sweetheart or honey and physically confronting her when checking on unit prep status for customer delivery;

   c. Mandatory meeting attendance without pay, off-site product demo attendance without pay and loss of commission if she did not come in on her day off to deliver customer units and refusal to pay commissions due upon termination;

   d. Work projects and event planning for the Women's Ride event that were not sales related and diverted her away from working sales prospects while male Sales Associates worked their leads and were not expected to complete non-sales tasks;

   e. Promised training for credit application processing for additional commission earnings that was denied after a ½ hour and then Defendants offered training to a male sales associate while her customer credit applications were not timely processed and on one occasion not processed at all;

   f. Pay shortages and withholding of her commissions per Defendant-Celani's commission payment directives (Mark Vidosh Email - Exhibit A);

   g. Unfair / selective disciplinary action in that she was wrongfully terminated after she gave notice, being constructively discharged based on Defendants hostile work environment and then discharged for allegedly not coming in for a scheduled shift, that was on her day off, while a male Sales Associate was not discharged for repeated no call no shows, resulting in Savanah losing commissions, feeling humiliated, demeaned and defeated and suffering emotional and mental distress, amongst other things.

110. Defendants collective conduct, payment policies, work assignments, denial of training for additional commission earnings, amongst other things were intended to and / or did substantially interfere with Savannah's employment and pay and created an intimidating, hostile, or offensive work environment resulting in her putting in her notice that in effect was a constructive discharge.

111.   Savannah's sex / gender was a factor in Defendants discriminatory conduct and communication toward her, including and leading up to her constructive discharge and giving notice.

112.   Savannah's sex / gender made the difference in how Defendants treated her differently than her male Sales Associate co-workers as referenced above.

113.   Had Savannah been of the male gender, she would not have been subjected to the above referenced discriminatory treatment.

114.   Savannah opposed Defendants discriminatory conduct and communications shortly after being hired and was retaliated against by Defendant-Brandenburg in non-sales work tasks and projects, deprived of training and commissions and wages, wrongfully terminated, amongst other things while her male co-workers were not treated in the same manner by Defendants.

115.   Defendant-MCPS, through its officers, managers, agents, representatives and employees treated Savannah differently from similarly situated employees, and in the terms and conditions of her employment, commissions, uncompensated hours worked, unpaid holidays, training, based upon the unlawful consideration of Savannah's sex/gender as female.

116.   All of the Defendants actions were intentional, and in disregard of Savannah civil rights to a sex discrimination free workplace.

117.   Defendants failed to make good faith efforts to establish and enforce policies to prevent and correct illegal discrimination against employees including sex/gender discrimination.

118.   Defendants failed to properly train or otherwise inform its officers, managers,

supervisors, and employees concerning their duties and obligations under civil rights laws

including ELCRA.

119.   As a direct and proximate result of Defendants collectively unlawful actions, Savannah

has sustained injuries and damages, including but not limited to loss of earning capacity,

loss of commissions, loss of employee benefits such as wages and holiday pay,

humiliation embarrassment, mental and emotional distress, amongst other things.

**WHEREFORE,** Plaintiff, Savannah Jodway respectfully request that this Honorable Court

find that fund that Defendants-MCPS, Brandenburg and Celani violated ELCRA and enter a

Judgment against those Defendants, jointly and severally, for actual,  punitive and exemplary

damages, interest, costs and reasonable attorney fees, and grant such other relief, legal and

equitable, as the Court deems fair and just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, Savannah Jodway, demands a trial by jury in the above manner.


Dated:. November 29, 2022                    Respectfully submitted,


/s/ *Alaina M. Zanke-Jodway*

Alaina M. Zanke-Jodway, PC P47224
Attorney for Plaintiff – Savannah Jodway
POB 82356
Rochester, MI 48308-2356
586.242.8744
alainazj@aol.com

## STATE OF MICHIGAN

### IN THE 6TH CIRCUIT COURT – COUNTY OF OAKLAND

SAVANNAH JODWAY
       **Plaintiff**
                            Case No. 2022-197497 NZ
                            Hon. Yasmine I. Poles

v.

MOTOR CITY POWER SPORTS LLC dba
MOTOR CITY POWER SPORTS, a Michigan Limited
Liability Company
VINCENT BRANDENBURG, an Individual and
THOMAS CELANI, an Individual,
       **Defendants, Jointly and Severally**

# Exhibit A

# to Plaintiff's Complaint



**Subject:** Fw: Pay 6/10/22
**Date:** Thu, Jun 16, 2022 1:28 pm
**Attachments:** Savannah 6.10.22.pdf (46K), Outlook-r0sbzwws.png (32K), Outlook-ryxvei35.png (32K), Outlook-tk3aesxg.png (32K)

Sent from the all new AOL app for Android

----- Forwarded Message -----
**From:** "Mark Vidosh" <mvidosh@motorcitypowersports.com>
**To:** "Savannah Jodway"
**Sent:** Thu, Jun 16, 2022 at 1:04 PM
**Subject:** Fw: Pay 6/10/22
Savannah,

Attached is your wash out for your last check. Please note; Tom decided to pay half the commissions on all switch deals at the time of sale and the balance on November 1st, if you are still employed, and the store hits budget.

*Mark E. Vidosh*
MotorCity Power Sports
Sales Manager
P 248-858-2300
mvidosh@motorcitypowersports.com
Follow us on Facebook
www.motorcityseadoo.com
https://motorcityryker.com/
www.motorcitypolaris.com

**From:** Mark Vidosh <mvidosh@motorcitypowersports.com>
**Sent:** Wednesday, June 15, 2022 10:41 AM
**To:** Savannah Jodway <sjodway@motorcitypowersports.com>
**Subject:** Fw: Pay 6/10/22

Savannah,

Attached is your wash out for your last check. Please note; Tom decided to pay half the commissions on all switch deals at the time of sale and the balance on November 1st, if you are still employed, and the store hits budget.

*Mark E. Vidosh*
MotorCity Power Sports
Sales Manager
P 248-858-2300

mvidosh@motorcitypowersports.com
Follow us on Facebook
www.motorcityseadoo.com
https://motorcityryker.com/
www.motorcitypolaris.com

---

**From:** Joyce Cusimano ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, June 15, 2022 10:13 AM
**To:** Mark Vidosh <mvidosh@motorcitypowersports.com>
**Subject:** Re: Pay 6/10/22

Attached is Savannah's washout sheet

---

**From:** Mark Vidosh <mvidosh@motorcitypowersports.com>
**Sent:** Wednesday, June 15, 2022 10:10 AM
**To:** Joyce Cusimano ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Re: Pay 6/10/22

Joyce,

Please forward me a copy of Savannah's wash out in question.

Thank you!

Mark


*Mark E. Vidosh*
MotorCity Power Sports
Sales Manager
P 248-858-2300
mvidosh@motorcitypowersports.com
Follow us on Facebook
www.motorcityseadoo.com
https://motorcityryker.com/
www.motorcitypolaris.com

---

**From:** Joyce Cusimano ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, June 15, 2022 9:14 AM
**To:** Mark Vidosh <mvidosh@motorcitypowersports.com>; Vince Brandenburg
<vbrandenburg@motorcitypowersports.com>
**Subject:** Fw: Pay 6/10/22

**From:** Savannah Jodway █████████████
**Sent:** Tuesday, June 14, 2022 10:13 PM
**To:** Joyce Cusimano ████████████████████████████
**Subject:** Pay 6/10/22

This email was sent from outside your organisation, yet is displaying the name of someone from your organisation. This often happens in phishing attempts. Please only interact with this email if you know its source and that the content is safe.

Hi Joyce, hope all is well. I received my statement from Paychecks but have yet to hear from anyone regarding the commission breakdown. Could you please forward over the documentation on what deals were paid on Check#249 Dated 6/10/2022?

Thank you!

Sent from the all new AOL app for Android